1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    STEVEN FOSTER STILES,                          No.  2:23-cv-02537-KJM-CKD (PS)

12              Plaintiff,

13         v.                                         ORDER

14    ANDREA MARIA CASANOVA, et al.,

15              Defendants.

16

17         Plaintiff, who proceeds without counsel, initiated this action with a complaint filed on

18    November 3, 2023. (ECF No. 1.) This matter proceeds before the undersigned pursuant to 28

19    U.S.C. § 636(b)(1) and E.D. Cal. Local Rule 302(c)(21).

20         On December 12, 2023, Blaine Truman Lowry filed a motion to dismiss under Rule

21    12(b)(6) of the Federal Rules of Civil Procedure and a motion to dismiss pursuant to 28 U.S.C. §

22    1915. (ECF Nos. 20, 21.) These motions are currently set for a hearing to take place on February

23    7, 2024. (ECF Nos. 24, 25.)

24         On December 14, 2023, defendants Caroline Zapp Kahn, Jan Leslie Kahn, Kahn, Soars,

25    Conway LLP (erroneously sued as Kahn, Soars, Conway LLP), and Clark Mathew Stiles filed a

26    motion to dismiss under Rules 12(b)(6) and 10(b) of the Federal Rules of Civil Procedure, and

27    noticed the motion for a hearing to take place on February 7, 2024, before the undersigned. (ECF

28    No. 26.)

                                                    1

1    On December 22, 2023, defendants Amity Girt and the Law Office of Josh Lamborn P.C.

2    filed a motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure

3    12(b)(2). (ECF No. 36.) On December 27, 2023, the court advanced the hearing on this matter to

4    take place on February 7, 2024. (ECF No. 37.)

5    Under the court's Local Rules, plaintiff was to respond to each of the above-listed motions

6    no later than 14 days after the motion was filed. See E.D. Cal. L.R. 230(c) ("Opposition, if any, to

7    the granting of the motion shall be in writing and shall be filed and served not less than fourteen

8    (14) days after the motion was filed."). Plaintiff has not filed an opposition to any of the pending

9    motions listed above.

10   "Failure of counsel or of a party to comply with these Rules or with any order of the Court

11   may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule

12   or within the inherent power of the Court." E.D. Cal. Local Rule 110. Local Rule 183(a) provides,

13   in relevant part:

14   > Any individual representing himself or herself without an attorney is
15   > bound by the Federal Rules of Civil or Criminal Procedure, these
     > Rules, and all other applicable law. All obligations placed on
     > "counsel" by these Rules apply to individuals appearing [without
16   > counsel]. Failure to comply therewith may be ground for dismissal,
     > judgment by default, or any other sanction appropriate under these
17   > Rules.

18   See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the

19   same rules of procedure that govern other litigants") (overruled on other grounds).

20   A district court may impose sanctions, including involuntary dismissal of a plaintiff's case

21   under Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case

22   or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's

23   local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may

24   act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v.

25   U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (courts may dismiss an action pursuant to

26   Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply

27   with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir.

28   1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for

1    dismissal"); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule

2    of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any

3    order of the court"); <u>Thompson v. Housing Auth. of City of L.A.</u>, 782 F.2d 829, 831 (9th Cir.

4    1986) (per curiam) (district courts have inherent power to control their dockets and may impose

5    sanctions including dismissal or default).

6          Plaintiff's failure to respond to the pending motions is in violation of the Local Rules, but

7    the undersigned does not recommend dismissal at this time. Instead, plaintiff is provided an

8    opportunity to respond to the pending motions within 14 days after service of this order. Any

9    further failure to respond will be construed as plaintiff's non-opposition to the motions and will

10   constitute grounds for dismissal under Rule 41(b).

11         Local Rule 230(c) states "[n]o party will be entitled to be heard in opposition to a motion

12   at oral arguments if opposition to the motion has not been timely filed by that party...." The

13   hearings set for February 7, 2024, are vacated. After the conclusion of briefing, the motions will

14   be submitted for decision on the record and written briefing pursuant to Local Rule 230(g). If the

15   court subsequently determines that supplemental briefing or oral argument is necessary, the

16   parties will be notified accordingly.

17         For the reasons set forth above, IT IS HEREBY ORDERED as follows:

18       1.    The hearings on the defendants' pending motions (ECF Nos. 20, 21, 26, 36), set

19             for February 7, 2024, are VACATED.

20       2.    Plaintiff shall file a written opposition (or a statement of non-opposition) to each

21             pending motion within 14 days after service of this order. Failure to do so will be

22             deemed a statement of non-opposition and consent to the granting of the motions

23             and may constitute an additional ground for the imposition of appropriate

24             sanctions, including a recommendation that plaintiff's entire case be involuntarily

25             dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

26   ////

27   ////

28   ////

3

1      3.      Defendants may file written replies or supplemental replies to any oppositions

2            filed by plaintiff within 10 days of plaintiff's filing. The court will take this matter

3            under submission upon conclusion of this briefing schedule.

4   Dated: January 17, 2024

5                    CAROLYN K. DELANEY

6                    UNITED STATES MAGISTRATE JUDGE

7

8   8
   stil23cv2537.nooppo

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28