1

2

3

4

5

6

7

8                               UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    STEVEN FOSTER STILES, et al.,              No.  2:23-cv-02537-KJM-CKD (PS)

12                       Plaintiffs,

13            v.                                  AMENDED[1] ORDER

14    CAROLINE ZAPP KAHN, et al.,

15                       Defendants.

16

17

18           Plaintiff,[2] proceeding without counsel, initiated this action with a civil complaint filed on

19    November 3, 2023, 2023. (ECF No. 1.) On January 22, 2024, plaintiff filed a motion for

20    temporary restraining order which the Clerk's Office entered to the docket the following day, on

21    January 23, 2024. (ECF No. 43.) This action proceeds before the undersigned pursuant to Local

22    Rule 302(c)(21). See 28 U.S.C. § 636(b)(1). Venue does not lie in this district. For the following

23    reasons, the court will transfer this action to the United States District Court for the Northern

24    District of California.

25    _____

26    [1] This amended order corrects an error in the caption of this case.

27    [2] Multiple plaintiffs are listed on plaintiff's complaint but only plaintiff Stiles signed the
      complaint. (See ECF No. 1 at 38.) As a non-lawyer, Stiles cannot represent other plaintiffs. See
28    Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997).

                                                    1

If a court determines the appropriate venue for a case lies in another division or district, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The general federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

For the purposes of 28 U.S.C. § 1391(b)(1), an entity defendant is a resident of "any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). Federal courts generally follow state law to determine the appropriate bounds of personal jurisdiction. Walden v. Fiore, 571 U.S. 277, 283 (2014). A federal court sitting in California "may exercise jurisdiction on any basis not inconsistent with the Constitution of [California] or of the United States." See Cal. Civ. Proc. Code § 410.10.

The Due Process Clause of the Fourteenth Amendment limits a court's ability to exercise personal jurisdiction over nonresident defendants. World–Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980). "Although a nonresident's physical presence within the territorial jurisdiction of the court is not required, the nonresident generally must have certain minimum contacts... such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Walden, 571 U.S. at 283 (internal citations and quotation marks omitted).

Here, the defendants are located in California and Oregon.[3] (See ECF No. 1 at 2-4.) Accordingly, not all defendants reside in California such that venue lies in this district on account of a defendant's residence in this district. See 28 U.S.C. § 1391(b).

---

[3] Plaintiff's address of record is in Ferndale, California, in the Northern District of California.

2

In addition, the complaint's allegations involve events that took place mostly within the judicial boundaries of the District of Oregon and the Northern District of California. (See ECF No. 1, generally.) On the other hand, the complaint's allegations do not establish that a substantial part of the events or omissions giving rise to the claim occurred in this district. Venue does not lie in this district. See 28 U.S.C. § 1391(b).

A court may raise and decide the issue of venue sua sponte. See Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986); Wood v. Santa Barbara Chamber of Commerce, Inc., 705 F.2d 1515, 1523 (9th Cir. 1983). Personal jurisdiction over all the defendants is not required for a transfer under § 1406(a). See 28 U.S.C. § 1631 (providing for transfer to cure want of personal jurisdiction); Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962) ("The language of s 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not.").[4]

As set forth, it appears most of the events or omissions giving rise to plaintiff's claims occurred in the Northern District of California and in the District of Oregon. Some of the defendants have asserted the current case realleges claims pertaining to orders of the Oregon state courts pertaining to which plaintiff litigated previous cases in the United States District Court for the District of Oregon. (See, e.g., ECF No. 21.) However, plaintiff's current operative complaint and the recently filed motion for temporary restraining order both involve real and personal property located in the Northern District of California. (See ECF No. 1 at 7 ("Between these two legal moves they hoped to gain control of the Humboldt County assets of Casanova & Stiles."; see also id. at 10, 15, 18, 21, 26, 28-32, 36; ECF No. 43 at 1-3.)[5] Accordingly, the court will

---

[4] Defendants Amity Girt and Law Office of Josh Lamborn, P.C., have asserted personal jurisdiction over them is lacking in a judicial district located in California, and thus that plaintiff should be required to litigate the instant dispute separately in both California and Oregon. (See ECF No. 36-1.) The undersigned expresses no opinion on the merits of the pending motion to dismiss for lack of personal jurisdiction.

[5] References to page numbers in the complaint are to the page numbers assigned by CM/ECF at the top of the page.

transfer this action to the Northern District of California pursuant to 28 U.S.C. § 1406(a), because a substantial part of property that is the subject of the action is situated in that district. In transferring this action, this court expresses no opinion regarding the merits of plaintiff's complaint. Plaintiff is instructed to direct any further filings or inquiries related to this case to the United States District Court for the Northern District of California. Further documents filed in the Eastern District of California related to this case will be disregarded.

In accordance with the above, IT IS HEREBY ORDERED that:

1.   This action, including the pending motion to proceed in forma pauperis, and pending motion for temporary restraining order, is TRANSFERRED to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1406(a).

2.   The Clerk of the Court shall close this case.

Dated:  January 30, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
Stiles.23cv2537.ven

4